UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MICHAEL GERMAIN,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | No. 3:15-CV-1694-M (BF) |
| § | |
| **U.S. BANK NATIONAL** § | |
| **ASSOCIATION AS TRUSTEE FOR** § | |
| **MORGAN STANLEY MORTGAGE** § | |
| **LOAN TRUST 2006-7, MORTGAGE** § | |
| **PASS-THROUGH CERTIFICATES,** § | |
| **SERIES 2006-7, AND OCWEN LOAN** § | |
| **SERVICING, LLC,** § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action arising out of foreclosure proceedings initiated against certain real property located in Dallas County, Texas, to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a Standing Order of Reference. Defendants U.S. Bank National Association ("U.S. Bank") as Trustee for Morgan Stanley Mortgage Loan Trust 2006-7 Mortgage Pass-Through Certificates, Series 2006-7 and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Defendants") filed Defendants' Motion to Dismiss [D.E. 7]. For the following reasons, the undersigned recommends that the motion be granted.

**BACKGROUND**

Plaintiff Michael Germain ("Germain" or "Plaintiff") refinanced property located at 15531 Bay Point Drive, Dallas, Texas ("Property"), and executed a deed of trust in favor of Morgan Stanley

1

Credit Corporation in December 2005. Pl.'s Original Pet. [D.E. 1-4 at 4]. Germain signed a promissory note (the "Note") in the amount of $144,000.00 that was secured by a deed of trust (the "Deed") (collectively, the "Loan") covering the Property. Defs. Mtn. Dism. [D.E. 7 at 2]. The Loan was transferred to U.S. Bank and is serviced by Ocwen. Pl.'s Original Pet. [D.E. 1-4 at 4].

Sometime between December 2005 and February 2014, Germain fell behind on his Note payments. *Id.* [D.E. at 4-5]. Defendants notified Germain that he defaulted on the Loan, and the Property was scheduled to be sold on May 5, 2015. *Id.* [D.E. at 15-17]. Four days before the scheduled sale, Germain filed this lawsuit in the in the 193rd District Court of Dallas County, Texas, to stop the foreclosure sale. Ex. C [D.E. 1-3 at 1-3]. Defendants removed the case to federal court on the basis of federal question jurisdiction, supplemental jurisdiction, and diversity jurisdiction. *See* Defs.' Notice of Removal [D.E. 1 at 3-6].

Germain alleges Defendants engaged in "dual tracking" by foreclosing on his loan, while at the same time reviewing his completed application for a loan modification, contrary to federal law. Pl.'s Original Pet.[D.E. 1-4 at 5]. He further alleges that Defendants' attempt to foreclose on the Property was improper because he applied for a modification of the terms of the Loan on two separate occasions and never received an approval or denial. *Id.* [D.E. 1-4 at 5]. Germain contends that he was denied an opportunity to either modify his loan or take advantage of the right of appeal provided under the Real Estate Settlement Procedures Act ("RESPA"). Based on this alleged conduct, Germain asserts claims for violations of RESPA, violations of Texas Debt Collections Act ("TDCA"), breach of contract, anticipatory breach of contract, declaratory judgment, and injunctive relief. Defs. Mtn. Dism. [D.E. 7 at 1-2].

Defendants filed a motion to dismiss all of Germain's claims and causes of action. *See* Defs.' Mtn. Dism. [D.E. 7]. Among other things, Defendants argue that "Plaintiff does not and cannot allege the facts necessary to support" any of his claims. Defs.' Br. [D.E. 9 at 1]. The issues have been fully briefed, and the motion is ripe for determination.

## LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). In ruling on the motion to dismiss, the court may consider documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, and matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").

## ANALYSIS

### Real Estate Settlement Procedures Act Violation

Germain's RESPA claim is based on the assertion that Defendants initiated foreclosure proceedings even though Germain had submitted two separate loss mitigation applications. Pl.'s Original. Pet. [D.E. 1-4 at 6-7]. Germain further alleges that although he submitted more than one loss mitigation application, Defendants never responded to his request. *Id*. [D.E. at 6-7]. Defendants do not dispute that Germain submitted loss mitigation applications, they failed to respond to Germain's applications, or they improperly foreclosed on the Property–only that Germain failed "to allege [he] suffered actual damages." Def.s' Mot. Dism. [D.E. 7 at 3-4].

RESPA lists the instructions for loss mitigation procedures. *See* 12 C.F.R. § 1024.41. Under RESPA, mortgage servicers are not required to "provide any borrower with any specific loss mitigation option." *Id.* § 1024.41(a). However, if options are made available, Section 1024 provides guidelines for review and evaluation of applications, notice, appeals, and prohibition of foreclosure during the application and appeals process. *Id.* § 1024.41(b)-(j). RESPA also provides for the establishment of liability to borrowers and costs and damages for servicers who fail to comply with RESPA guidelines. 12 U.S.C. § 2605 (f). Servicers who fail to comply are liable to borrowers for actual damages and additional damages if there is "a pattern or practice of noncompliance with the requirements of [RESPA]." *Id.* § 2605(1)(A)-(B). However, when a plaintiff merely pleads that fees and expenses related to the bringing of a lawsuit against a servicer are the plaintiff's only damages, the plaintiff has failed to allege actual damages. *Obazee v. Bank of N.Y. Mellon*, No. 3:15-CV-1082-D, 2015 WL 4602971, at *4 (N.D. Tex. July 31, 2015).

In the case at hand, Germain's pleadings state:

> Plaintiff has been harmed by Defendants' noncompliance as he is now forced to incur additional fees and expenses associated with defending himself against this noncompliant foreclosure action as well as increased delay of a fair consideration of his loss mitigation application. Such delay and any mounting arrearage will only serve as a pretext to eventually deny Plaintiff's modification request. Further, Defendants are liable for statutory damages for their violations.

Pl.'s Orig. Pet. [D.E. 1-4 at 7]. This is the exact language used by the plaintiff in *Obazee. See Obazee*, 2015 WL 4602971, at *4. Just as the plaintiff in *Obazee* "failed to plausibly allege that he has suffered actual damages as a result of defendants' alleged violations of 12 C.F.R. § 1024.41 and RESPA, 12 U.S.C. § 2605(f)" so has Germain. *Id.* Therefore, Germain's claim cannot survive the motion to dismiss, and the Court recommends that this claim be dismissed.

**Texas Debt Collection Act Violations**

Germain next asserts that Defendants violated the TDCA by "seeking to sell the Property at a foreclosure sale in violation of federal law." Pl.'s Orig. Pet. [D.E. 1-4 at 8]. Defendants contend this claim should be dismissed as well because Germain fails to assert actual damages. Def.s' Mot. Dism. [D.E. 7 at 7]. In his response brief, Germain argues "that he is entitled to recovery for his loss of credit and damage to credit reputation, damages for mental anguish and emotional distress, damages resulting from payment of excess or additional interest, and any consequential damages." Pl.'s Resp. [D.E. 8 at 13]. The Defendants reply that this is nothing "more than conclusory and formulaic recitations of a TDCA violation." Defs.' Reply [D.E. 9 at 4].

The TCDA states that in the process of collecting a debt, the "collector may not use threats, coercion, or attempts to coerce that employ . . . threatening to take an action prohibited by law. TEX. FIN. CODE § 392.301(a)(8). The TCDA provides for civil remedies available to plaintiffs." Tex. Fin. Code § 392.403. Subsection (a) states that "[a] person may sue for . . . (2) actual damages sustained

5

as a result of a violation of this chapter." *Id.* § 392.403(a). Actual Damages are defined as "those damages recoverable under common law." *Rhey v. Redic*, 408 S.W.3d 440, 454 (Tex. App.–El Paso 2013, no pet.) (citing *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 816 (Tex. 1997)). "At common law, actual damages are either 'direct' or 'consequential.'" *Id.* (citing *Hawkins v. Walker*, 233 S.W.2d 41, 49 (Tex. App.–Fort Worth 2007, no pet.). "Direct damages are those that necessarily and usually arise from the misconduct." *Jackson Walker, LLP v. Kinsel*, 07-13-00130-CV, 2015 WL 2085220, at *5 (Tex. App–Amarillo, Apr. 10, 2015, no. pet. h.). Direct actual damages can be measured by out-of-pocket or benefit-of-the-bargain damages. *In re Base Holdings, LLC*, No. 3:11-CV-3531-D, 2015 WL 1808536, at *9 (N.D. Tex. Apr. 21, 2015). Direct consequential damages are defined as those "that result naturally but not necessarily from the wrongful act." *Jackson Walker,* 2015 WL 2085220*, at *6.

Here, Germain asserts that he is entitled to "all actual direct and indirect economic damages including but not limited to damages for loss of credit and damage to credit reputation, damages for mental anguish and emotional distress, damages resulting from payment of excess or additional interest, and any consequential damages." Pl.'s Orig. Pet. [D.E. 1-4 at 8]. Germain does not allege how such damages are attributable to the Defendants' conduct. *See id.* [D.E. 1-4 at 7-8]. Instead, Germain asserts that these damages can be reasonably inferred in his reply brief. Pl.'s Resp. Br. [D.E. 8 at 13-14]. However, for "the court to draw the reasonable inference that the defendant is liable," Germain must plead with enough "factual content" to allow the court to do so. *See Iqbal*, 556 U.S. at 663. Germain has failed to plead in such a manner. *See id.* Therefore, the Court recommends that Germain's claim should be dismissed.

6

## Breach of Contract

To prevail on a claim for breach of contract under Texas law, a plaintiff must prove: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Additionally, "a party to a contract who is himself in default cannot maintain a suit for its breach." *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc,* No. 3:04-CV-1344-D, 2005 WL 3148284, at *9 (Nov. 21, 2005) (citing *Info. Commc'n Corp. v. Unisys Corp.*, 181 F.3d 629, 632 (5th Cir. 1999)); *Langlois v. Wells Fargo Bank N.A.*, 581 Fed. Appx. 421, 426 (5th Cir. 2014) (holding same in a home mortgage suit).

Germain concedes that he is in default. Pl.'s Resp. Br. [D.E. 8 at 15-16]. Because he has defaulted on the contract, Germain is prohibited from bringing a suit for breach. *See AMS Staff Leasing, NA, Ltd.*, 2005 WL 3148284, at *9. Therefore, the Court recommends that this claim be dismissed.

## Anticipatory Breach of Contract

Anticipatory breach occurs when one party makes "a positive and unconditional refusal to perform the contract in the future, expressed either before performance is due or after partial performance." *Van Polen v. Wisch*, 23 S.W.3d 510, 516 (Tex. App.–Houston [1st Dist.] 2000, no pet.). To prevail on a claim for anticipatory breach, a plaintiff must establish: "(1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party." *Gonzales v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004) (citing *Taylor Pub. Co. v. Sys. Mktg. Co.*, 686 S.W.2d 213, 217 (Tex. App.–Dallas 1984, writ ref'd n.r.e.). "A party

repudiates a contract if the party manifests, by words or actions, a definite and unconditional intention not to perform the contract according to its terms." *Chapman v. Olbrich*, 217 S.W.3d 482, 491 (Tex. App.–Houston [14th Dist.] 2006, no pet.). "It is not sufficient that refusal to perform be based upon a genuine mistake or misunderstanding as to matters of fact or law." *Preston v. Love*, 240 S.W.2d 486, 487 (Tex. Civ. App.–Austin 1951, no writ).

Germain's allegations of Defendants' anticipatory breach of contract "are difficult to understand." *Swim v. Bank of Am.*, No. 3:11-CV-1240-M, 2012 WL 170758, at *5 (N.D. Tex. Jan. 20, 2012). Just as in *Swim*, one section of Germain's Original Petition is titled "Breach of Contract & Anticipatory Breach of Contract" and contains little more than a recitation of the elements of anticipatory breach. *See id.* Germain argues in his response that Defendants "threatened to breach the contract by noticing the property for a foreclosure sale, thereby repudiating the [Deed] . . . ." Pl.'s Resp. [D.E. 8 at 16]. Germain fails to present a facially plausible claim showing that Defendants' actions are not permitted under the Loan after he defaulted on the Note. *See Twombly*, 550 U.S. at 555. Further, Germain does not plausibly allege that Defendants had "a definite and unconditional intention not to perform the contract according to its terms." *See Chapman*, 217 S.W.3d at 491. Therefore, the Court recommends that this claim for anticipatory breach of contract be dismissed.

## Declaratory Judgment

Germain's next cause of action requests that the Court declare that Defendants violated 12 C.F.R. § 1024.41(d) by foreclosing on the Property without giving proper notice. Pl.'s Original Pet. [D.E. 1-4 at 9]. Defendants argue that because Germain "has not alleged any viable causes of action against Defendants, [Germain]'s purported claims for declaratory relief should be dismissed with prejudice." Def.s' Mtn. Dism. [D.E. 7 at 12]. Germain responds that even if his underlying claim

should fail, he "should still be allowed to proceed with his declaratory judgment claim in connection" with 12 C.F.R. § 1024.41. Pl.'s Resp [D.E. 8 at 18].

"[T]he federal Declaratory Judgment Act . . . does not create a substantive cause of action." *Obazee*, 2015 WL 4602971, at *5 (citing *Turner v. AmericaHomeKey Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5 (N.D.Tex. Aug.16, 2011) (citation and brackets omitted), aff'd, 514 Fed. Appx. 513 (5th Cir. 2013)). "A declaratory judgment action is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Id.* This means that a declaratory judgment cannot survive if an underlying claim does not exist. *Jackson v. Deutsche Bank Nat'l Trust Co.*, No. 3:14-cv-3695-N, 2015 WL 3403937, at *6 (N.D. Tex. May 26, 2015). Because Germain has failed to allege any valid claims against Defendants, he has failed to plead enough facts to state a claim for declaratory judgment. *See Twombly*, 550 U.S. at 570. Therefore, the Court recommends that this claim be dismissed.

### Injunction

In order for Germain to obtain a preliminary injunction, he is required to show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the plaintiff outweighs any damage the injunction might cause to the defendant; and (4) that the injunction will not disserve the public interest. *Plains Cotton Coop. Ass'n v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir. 1987). As the Court recommends that all of Germain's causes of action be dismissed, he cannot plead enough facts to show "a substantial likelihood of success on the merits" of any of his causes of action. *See id.* Further, even Germain concedes that if his other causes of action fail, so shall this

claim. *See* Pl.'s Resp [D.E. 8 at 19]. Therefore, Defendants' motion should be granted, and this cause of action should be dismissed.

## RECOMMENDATION

For the reasons stated, the undersigned recommends that the District Court should GRANT the motion to dismiss filed by Defendants [Doc. 7].

SO RECOMMENDED, November 17, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).